**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JOSEPH TIGER D. PRINCE, | :: | PRISONER CIVIL RIGHTS |
|     Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| STAN SHEPARD; et al., | :: | CIVIL ACTION NO. |
|     Defendants. | :: | 1:17-CV-3455-TWT-RGV |

**REPORT AND RECOMMENDATION**

On September 1, 2017, plaintiff Joseph Tiger D. Prince, presently confined in the Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, submitted to the Court this pro se civil rights action. [Doc. 1 at 32]. This matter is now before the undersigned Magistrate Judge for consideration of plaintiff's second amended complaint, [Doc. 10].[1] Plaintiff brings this action against former ASMP Warden Stan Shepard, who is presently the Georgia Department of Corrections' Assistant Regional Director for the North Region, and five additional officers and/or employees of ASMP concerning events that occurred at ASMP. [Id. at 1, 4, 8]. For the reasons that follow, it is **RECOMMENDED** that former Warden Shepard be **DISMISSED** as a defendant

---

[1] "[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007).

in this action and that this case be **TRANSFERRED** to the Augusta Division of the United States District Court for the Southern District of Georgia.

The statute of limitations for 42 U.S.C. § 1983 actions filed in Georgia is two years. Geary v. City of Snellville, 205 F. App'x 761, 762 (11th Cir. 2006) (per curiam). Plaintiff's claims against former Warden Shepard concern events that occurred on or before November 4, 2013. [Doc. 10 at 5]. However, plaintiff did not file this action until September of 2017, nearly four years later. [Doc. 1]. Therefore, plaintiff's claims against former Warden Shepard are barred by the two-year statute of limitations and should be dismissed for failure to state a claim. See Johnson v. Greaves, 366 F. App'x 976, 978 (11th Cir. 2010) (per curiam) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. . . . When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading.") (citation omitted).

Venue for § 1983 actions is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in–
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); see also New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (per curiam) (applying § 1391(b)'s venue provisions to a § 1983 action). The appropriate venue for this case is the Augusta Division of the United States District Court for the Southern District of Georgia because that is where the events giving rise to plaintiff's claims occurred and where all of the remaining defendants may be found. The Court finds that the interests of justice would best be served if this civil rights action were transferred to the district court where it could have been brought. See 28 U.S.C. § 1406(a).

Accordingly, **IT IS RECOMMENDED** that former Warden Shepard be **DISMISSED** as a defendant in this action and that this case be **TRANSFERRED** to the Augusta Division of the United States District Court for the Southern District of Georgia.

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 14th day of DECEMBER, 2017.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE