IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOSEPH TIGER D. PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-011 |
| | ) | |
| ELIZABETH ROBERTS; V. BROWN; | ) | |
| OFFICER KNIGHT; OFFICER STROUP; | ) | |
| and JACQULYN CHAMPION, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned case in the Northern District of Georgia, pursuant to 42 U.S.C. § 1983. He has paid the $400.00 filing fee. United States District Judge Thomas W. Thrash, Jr., transferred the case to the Southern District of Georgia because the above-named Defendants are located in this District, and the events giving rise to Plaintiff's claims against them also occurred here.[1] (See doc. nos. 11, 13.) Notwithstanding the payment of the filing fee, the case or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief

---

[1] When Judge Thrash transferred the case to this District, he did so after screening the second amended complaint and dismissing one Defendant. (Doc. nos. 11, 13.) The second amended complaint supersedes and replaces in its entirety the previous pleadings filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).

from a defendant who is immune to such relief. See Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1277-78 (11th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915A.

## I. SCREENING OF THE SECOND AMENDED COMPLAINT

### A. BACKGROUND

In the second amended complaint, signed on November 15, 2017, Plaintiff names the following Defendants: (1) Jacqulyn Champion, Food Director at ASMP; (2) V. Brown, Food Steward at ASMP; (3) Elizabeth Roberts, a Deputy Warden at ASMP; (4) Officer Knight, a correctional officer at ASMP; and (5) Officer Stroup, a correctional officer at ASMP currently serving as a Disciplinary Report Investigator. (See doc. no. 10, pp. 1, 8.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On November 4, 2013, approximately nine to ten boxes of canned goods fell on Plaintiff while he was assigned to the ASMP Kitchen Warehouse. (Id. at 4.) Prior to the November 4th accident, Plaintiff informed Defendants Champion, Brown, and Roberts about the faulty storage racks, but they did nothing to fix the problem. (Id. at 4-5.) Correcting the hazardous working conditions caused by the storage racks could have averted the November 4th accident that resulted in neck and shoulder injuries to Plaintiff requiring surgery. (Id. at 5.)

On August 8, 2017, Plaintiff returned to ASMP after neck surgery. Defendant Stroup and a second, unknown correctional officer were responsible for escorting Plaintiff, and Defendant Stroup asked Plaintiff to sit in a wheelchair that had a puddle of rain water in the seat. (Id.) Plaintiff requested the seat be dried, but Defendant Stroup refused and told Defendant Knight that Plaintiff was refusing to exit the transport van. (Id. at 6.) Plaintiff

and Defendant Knight exchanged words, and when Plaintiff attempted to exit the transport van, Defendant Knight slammed Plaintiff into the van's side window, aggravating the injuries for which he had just had surgery. (Id.)

**B.    DISCUSSION**

    **1.    Legal Standard for Screening**

As set forth above, the case or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) & 1915A.[2] A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."

---

[2] See Waterfield v. Laboda, 518 F. App'x 667, 668 (11th Cir. 2013) (*per curiam*) (recognizing 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A are analogous provisions allowing *sua* sponte dismissal of prisoner case prior to service of process); see also Leal, 254 F.3d at 1278-79 (reviewing § 1915A *sua sponte* dismissal for failure to state a claim); Fanning v. Bullard, Civ. A. Nos. 13-0539, 13-0540, 2014 WL 911990, at *1 (S.D. Ala. Mar. 10, 2014) (recognizing ongoing review process of 28 U.S.C. § 1915A).

3

Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Claims Against Defendants Champion, Brown, and Roberts Are Time-Barred.

Plaintiff's claims against Defendants Champion, Brown, and Roberts are subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations period in § 1983 actions. Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007); Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims for injuries to the person must be brought within two years of their accrual. Richards v. Cobb County, Ga., 487 F. App'x 556, 557 (11th Cir. 2012); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations period, federal law

4

determines the date of accrual.  See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996).  Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

"To dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'"  Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003).  Plaintiff knew of the injuries alleged in his second complaint relating to the faulty storage racks, as well as with whom he spoke about the racks, prior to the November 4, 2013 accident.  Indeed, in dismissing one Defendant prior to transferring the case, Judge Thrash reached the same conclusion with respect the now-dismissed Defendant and his relationship to the November 4, 2013 accident.  (See doc. nos. 11, 13.)

Plaintiff has not offered any reason why the statute of limitations might be tolled, and no such reason appears from the face of the second amended complaint.  To the contrary, Plaintiff admits that he previously started cases concerning the facts of his November 4th, 2013 accident in the Southern District of Georgia in July of 2016.  (See doc. no. 10, p. 3 (citing CV 116-110 & 116-111, Prince v. Champion).)  Plaintiff did not commence this case until nearly four years after his accident, well past the expiration of the two-year statute of limitations.  Thus, the claims raised against Defendants Champion, Brown, and Roberts are time-barred, and these three Defendants should be dismissed from the case.

5

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants Champion, Brown, and Roberts be **DISMISSED** from the case because Plaintiff's claims against them are time-barred, and Plaintiff therefore fails to state a claim upon which relief may be granted against them. By separate Order, the Court explains Plaintiff's responsibility to serve Defendants Knight and Stroup.

SO REPORTED and RECOMMENDED this 18th day of January, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA