IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOSEPH TIGER D. PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-011 |
| | ) | |
| ELIZABETH ROBERTS; V. BROWN; | ) | |
| OFFICER KNIGHT; OFFICER STROUP; | ) | |
| and JACQULYN CHAMPION, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 20.) The Magistrate Judge recommended dismissing Defendants Champion, Brown, and Roberts from this case because Plaintiff's claims against them are time-barred. (See doc. no. 17, pp. 4-5.) As the Magistrate Judge explained, a two-year statute of limitations applies to the claims against these three Defendants based on the November 4, 2013 accident about which Plaintiff complains.[1] (Id.)

Plaintiff does not contest the date of the accident, but he instead objects that his injuries flowing from the 2013 accident constitute a "continuing wrong," about which he did

---

[1] Under Local Rule 72, Magistrate Judges are authorized to perform the duties prescribed by 28 U.S.C. § 636(a) and (b)(1), including submitting proposed findings of fact and recommendations for the disposition of a variety of filings, including, among other things, dismissal for failure to state a claim and motions for injunctive relief. Loc. R. 72.1, 72.2, 72.3. As the Magistrate Judge recommended dismissal of claims and Plaintiff has been given an opportunity to object, the objection to the Magistrate Judge screening the second amended complaint, (doc. no. 20, p. 2), is without merit.

not become aware until an MRI test in April of 2015. (Doc. no. 20, p. 5 & Ex. C.) Plaintiff then argues the statute of limitations should be further tolled because he filed an administrative grievance on April 23, 2015, the appeal of which was not resolved until August 18, 2015, when it was forwarded to the Criminal Investigation review. (Id. & Ex. B.)

"[W]hen an injury is not discernible by the exercise of ordinary care – either because hidden or slow-developing – the statute of limitations is tolled," but courts apply the continuing tort doctrine "only in very narrow circumstances." Rivell v. Private Health Care Sys., Inc., 887 F. Supp.2d 1277, 1286 (S.D. Ga. 2012). Plaintiff does not allege he was unaware of the allegedly faulty storage racks or about *any* injury allegedly caused by these three Defendants until 2015. Rather, he claims he discovered an *additional* injury in 2015. This is not a case for tolling based on a continuing wrong that was only first discovered in 2015 because Plaintiff knew he had claims as of November 4, 2013, when the storage racks fell on him. See id.; Smith v. Tandy Corp., 738 F. Supp. 521, 523 (S.D. Ga. 1990) (Alaimo, J.) ("It is undisputed that plaintiff was fully aware of the tortious acts allegedly committed by defendant, and she certainly could have filed her suit within the two-year limitations period.") Likewise, Plaintiff has provided documentation showing he was not assigned to the kitchen, and thus not exposed to the punches allegedly administered by Defendant Brown, since 2014. (Doc. no. 20, Ex. B, p. 3.) Therefore, any such claims resulting from those alleged punches by Defendant Brown are time-barred.

Because Plaintiff has not shown he is entitled to an extension of the statute of limitations based on a continuing wrong, his subsequent argument about tolling based on his attempts at exhausting his administrative remedies starting in 2015 also fails. But even if the Court were to consider the issue of tolling based on exhausting the grievance procedure, the

argument fails. State law also governs statutory tolling rules in § 1983 cases. Wallace v. Kato, 549 U.S. 384, 394 (2007). The limitations period for certain disabled individuals is tolled in Georgia, but prisoners are excluded from the persons entitled to statutory tolling. Seibert v. Comm'r, Ga. Dep't of Corr., No. 15-10501, 2017 WL 710437, at *2 (11th Cir. 2017) (citing O.C.G.A. § 9-3-90; Giles v. Garwood, 853 F.2d 876, 877-78 (11th Cir. 1988)). If "an inequitable event prevented a plaintiff's timely action," equitable tolling may be available, but the plaintiff bears the burden of establishing such tolling is warranted. Booth v. Carnival Corp., 522 F.3d 1148, 1150 (11th Cir. 2008).

The Eleventh Circuit has refused to set a *per se* rule that the requirement found in 42 U.S.C. § 1997e(a) to exhaust available prison administrative remedies prior to filing a federal lawsuit operates to toll the statute of limitations. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001). Because Plaintiff is a prisoner, Georgia's statutory tolling does not apply, and he has not otherwise alleged an inequitable event entitles him to equitable tolling. See Seibert, 2017 WL 710437 at *2. Indeed, Plaintiff knew about the claims which he attempts to raise against these three Defendants when he filed lawsuits against them on July 12, 2016, cases which the undersigned dismissed without prejudice on August 24, 2016, because Plaintiff had accumulated three strikes under 28 U.S.C. § 1915(g) and failed to disclose that filing history to the Court. See Prince v. Champion, CV 116-110, CV 116-111 (S.D. Ga. Aug. 24, 2016). Plaintiff concedes these cases involved the same facts as the instant case. (Doc. no. 10, p. 3.) Plaintiff did not refile this case until over one year later. His claims against Defendants Champion, Brown, and Roberts are barred by the two-year statute of limitations.

Along with his objections, Plaintiff also filed a motion to amend his second amended complaint. (Doc. no. 21.) Under Rule 15(a)(1)(A), a party may amend his pleading once as a matter of course within twenty-one days after service. The docket reflects that prior to transfer to the Southern District of Georgia, Plaintiff was twice ordered to amend his complaint. (Doc. nos. 2, 6.) However, there is no proof in the record any complaint has been served on the only two individuals who remain in this case, Defendants Knight and Stroup, let alone that a responsive pleading has been filed.[2] The Court need not decide whether Plaintiff is attempting to amend as a matter of right or must ask the Court's permission, as he has done here with his current motion, because the Court can deny an amendment as futile if it seeks to add claims that are without merit or cannot form the basis for cognizable relief. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (ruling that futility includes proposed amendments that fail as a matter of law). As described below, the proposed amendment is futile, and therefore the Court **DENIES** the motion to amend. (Doc. no. 21.)

First, the amendment is by no means a "short and plain statement of the claim" as required by Federal Rule of Civil Procedure 8(a). To the contrary, it consists of eleven, single-spaced handwritten pages describing events spanning from 2013 to the present and improperly "incorporating by reference" nine attached exhibits, one of which is a newspaper article from the Atlanta-Journal Constitution. Second, Plaintiff attempts to re-state claims

---

[2]Plaintiff provided copies of certified mail receipts as an attachment to his "Mini-Omnibus Motion," which he claims accomplished service on Defendants Knight and Stroup. (Doc. no. 23, p. 5 & Ex. 3.) As the Magistrate Judge explained in his January 18, 2018 Order, Plaintiff may request Defendants waive personal service, but if they choose not to return a waiver, "Plaintiff is still responsible for properly effecting personal service. Fed. R. Civ. P. 4(c) & (e)." (Doc. no. 19, p. 3.) Under Rule 4(d), if a defendant fails, without good cause, to sign and return a waiver, the expense for personal service may be imposed on such defendant. Plaintiff is reminded he must accomplish service within 90 days of January 18, 2018.

against Defendants Champion, Brown, and Roberts, which as discussed in detail above, are time-barred. The portion of the proposed amendment devoted to his interactions with Defendants Knight and Stroup on August 8, 2017, at Augusta State Medical Prison does not change the claims already pending against them in the Second Amended Complaint. Third, Plaintiff has not identified any of the named Defendants as the persons responsible for the medical treatment about which he complains in the proposed amendment, and therefore those claims are not viable. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (explaining complaint must associate a named defendant with an alleged wrong). Accordingly, the the motion to amend is futile.

In sum, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Defendants Champion, Brown, and Roberts from this case, and **DENIES** the motion to amend, (doc. no. 21).

SO ORDERED this 7th day of March, 2018, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA