IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOSEPH TIGER D. PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-011 |
| | ) | |
| OFFICER KNIGHT and | ) | |
| OFFICER STROUP, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned civil rights case *pro se*. Plaintiff filed a "Motion Seeking an Injunction," in which he requests an order that he "immediately receive the medical care he needs and; prison officials obey the law that governs the case." (Doc. no. 22.) Plaintiff also filed a "Mini Omnibus Motion," in which he essentially asks all of his pending motions be granted and that the Court pre-emptively rule certain evidence will or will not be admissible at trial.[1] (Doc. no. 23.) The Court **REPORTS** and **RECOMMENDS** both motions be **DENIED**.

I.  **DISCUSSION**

   A.  **Motion Seeking an Injunction**

Plaintiff filed this civil rights case in the Northern District of Georgia and has paid the $400.00 filing fee. United States District Judge Thomas W. Thrash, Jr., dismissed one

---

[1]The Court utilizes the title applied by Plaintiff rather than the title crafted by the Clerk of Court. The Court's recommendation applies to the entirety of the motion.

Defendant and transferred the case to the Southern District of Georgia because the five other Defendants were located in this District, and the events giving rise to Plaintiff's claims against them also occurred here. (See doc. nos. 11, 13.) Chief United States District Judge J. Randal Hall dismissed three of those five Defendants. (Doc. no. 24.) The only two Defendants who remain are Officers Stroup and Knight, correctional officers who are alleged to have mistreated Plaintiff on August 8, 2017, upon his return to ASMP after neck surgery. (See doc. no. 10.) The record does not reflect these two Defendants have yet been properly served or otherwise made an appearance in this case.[2]

In his motion for injunctive relief, Plaintiff requests that he be given the medical treatment he believes he needs to reduce his pain because the multiple surgeries he has been provided since an accident on November 4, 2013 have not sufficiently addressed his medical issues. (See generally doc. no. 22.) Plaintiff states he is suing Commissioner Gregory C. Dozier "in his official capacity to the extent of this motion." (Id. at 2.) Commissioner Dozier is not a party to this lawsuit. There is no allegation anywhere in the second amended complaint or the motion for injunctive relief that Defendants Stroup and Knight are responsible for providing Plaintiff medical treatment.

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public

---

[2]As Chief Judge Hall explained, certified mail receipts do not show service has been properly effected. (Doc. no. 24, p. 4 n.2) This Court explained in its January 18, 2018 Order that if a defendant chooses not to return a waiver of service, Plaintiff is still responsible for making arrangements to effect personal service. (Doc. no. 19, pp. 2-3.)

interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff has not met his burden of persuasion as to all four of these requirements. First, Plaintiff has not shown a likelihood of success on the merits. The only two Defendants in this case are two correctional officers who allegedly mistreated Plaintiff on August 8, 2017. Commissioner Dozier is not a Defendant, and there is nothing in this case to suggest these two correctional officers are in any way responsible for providing the medical care Plaintiff seeks. Chief Judge Hall denied Plaintiff's motion to amend, (doc. nos. 21, 24), so Plaintiff's reliance on that motion to support his request for injunctive relief is misplaced. The case is concerned solely with the allegations concerning Plaintiff's interaction with Defendants Stroup and Knight on August 8, 2017, and these two Defendants are not responsible for Plaintiff's medical treatment. Thus, there is no possibility of Plaintiff succeeding on the merits of his request for injunctive relief regarding medical care.[3]

Second, Commissioner Dozier is not within this Court's jurisdiction. He is not a Defendant in this case, and in any event is located in Atlanta, Georgia, situated in the Northern District of Georgia. The Court does not have jurisdiction to order a person in the Northern

---

[3]To the extent Plaintiff requests prison officials be ordered to provide adequate medical care, *i.e.*, "obey the law that governs the case," that duty is already in place. See Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). Thus, the request for an order to provide adequate medical care would serve little purpose, as it would amount to nothing more than an instruction to "obey the law" – a duty already in place. See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law").

District who is not a defendant in this lawsuit to take any action with respect to Plaintiff. See Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 925 (11th Cir. 2003).

Even if Plaintiff had named a Defendant responsible for his medical care, he has not established that there is a substantial threat he will suffer irreparable injury if the injunction is not granted.  In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (citation omitted); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury."). Plaintiff offers only unsubstantiated allegations and assessments of his medical condition and what kind of treatment he thinks he needs. Indeed, attachments to the motion detail the medical treatment he has received, including multiple surgeries.  Rather, his complaints amount to a disagreement with prison officials over a diagnosis or course of treatment, which does not support a claim of deliberate indifference, let alone a finding that there is a substantial threat Plaintiff will suffer irreparable injury if the injunction is not granted.  See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010); see also Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments.").

Failure to satisfy any one of the four prerequisites for injunctive relief is fatal to Plaintiff's request for injunctive relief.  See Jefferson Cty., 720 F. 2d at 1519.  Thus, Plaintiff is not entitled to the relief he seeks.

### B. Mini Omnibus Motion

In this filing Plaintiff, essentially asks all of his pending motions be granted and that the Court pre-emptively rule certain evidence will or will not be admissible at trial. For example, Plaintiff offers excerpts from "Atlas of Antomy," including a glossary of terms, "to assist in brief medical terminologies" and "give a guidance to specific areas of the body and may possibly be used in Plaintiff's presenting his case to the upcoming jury." (Doc. no. 23, p. 3.) Plaintiff also requests that the conviction for which he is currently incarcerated not be mentioned by defense counsel at trial. (Id. at 5.) In his request for relief, Plaintiff asks that a hearing be expeditiously set on his motion for injunctive relief and that the Court "issue an order granting any and all of Plaintiff's unopposed motions." (Id. at 6.)

With the entry of this Report and Recommendation, the Court has issued rulings on all of Plaintiff's motions pending at the time he filed his "Mini Omnibus Motion." As described herein, the Court has recommended denial of the request for injunctive relief regarding Plaintiff's medical treatment. As Plaintiff has not shown a likelihood of success on the merits of his motion for injunctive relief or established that there is a substantial threat he will suffer irreparable injury if the injunction is not granted, there is no need to hold a hearing on the matter. Moreover, Plaintiff's "unopposed" designation is misleading because no Defendant has yet made an appearance in the case. A defendant is not required to file a pleading or otherwise defend himself unless and until he is properly served. Varnes v. Local 91, Glass Bottle Blowers Ass'n of the United States and Canada, 674 F.2d 1365, 1369-70 (11th Cir. 1982)[4]

---

[4] As the Court has previously informed Plaintiff, he has ninety days from January 18, 2018, to effect service of process on Defendants Stroup and Knight. (Doc. no. 19, pp. 2-3 ; doc. no. 24, p. 4 n.2.) If they choose not to return waivers, Plaintiff must make arrangements for personal service or risk dismissal of his case. See Fed. R. Civ. P. 4.

(prohibiting entry of default on amended complaint that was not properly served).

## II.   CONCLUSION

In sum, Plaintiff has failed to satisfy all of the required elements for obtaining the injunctive relief he seeks.  Nor is Plaintiff entitled to the relief he seeks in his "Mini Omnibus Motion."  Thus, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motions be **DENIED**. (Doc. nos. 22, 23.)

SO REPORTED and RECOMMENDED this 7th day of March, 2018, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA