IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOSEPH TIGER D. PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-011 |
| | ) | |
| OFFICER KNIGHT and | ) | |
| OFFICER STROUD, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, filed this civil rights case in the Northern District of Georgia and has paid the $400.00 filing fee. United States District Judge Thomas W. Thrash, Jr., dismissed one Defendant and transferred the case to the Southern District of Georgia because the five other Defendants were located in this District, and the events giving rise to Plaintiff's claims against them also occurred here. (See doc. nos. 11, 13.) Chief United States District Judge J. Randal Hall dismissed three of those five Defendants. (Doc. no. 24.) Chief Judge Hall also denied a prior motion to amend the second amended complaint because Plaintiff's attempts to add time-barred claims and claims about his medical treatment were futile. (Id. at 4-5.) The only two Defendants who remain are Officers Knight and Stroud, individuals who are alleged to have used excessive force against Plaintiff on August 8, 2017, upon his return to ASMP after neck surgery. (See doc. no. 10.)

On March 28, 2018, Defendants filed a pre-answer motion to dismiss and a motion to stay discovery. (Doc. nos. 29, 30.) Plaintiff requested and received an extension of time until April 30, 2018, to file his opposition. Plaintiff responded with a "Motion for Leave of Court to File an Expanded Document," which consists of a seventy-one page affidavit and fifty-four exhibits totaling over 200 pages. (Doc. no. 37.) The Court **GRANTS IN PART** this motion. To the extent this filing can be liberally construed as a request to file briefing in excess of the twenty-six pages allowed by Local Rule 7.1, the Court will consider the relevant portions of the voluminous filing, including any arguments made in opposition to the motion to stay, as well as the motion to dismiss. However, as discussed in detail below, any arguments unrelated to the pending civil rights claim against Defendants Knight and Stroud are irrelevant to the issues before this Court and shall be disregarded.

## I. Motion to Stay

Defendants request a stay of discovery pending resolution of their pre-answer motion to dismiss, in which they seek dismissal of the case in its entirety based on Plaintiff's alleged failure to exhaust administrative remedies. Plaintiff requests that merits discovery proceed, but he does not claim he needs any discovery to contest the motion to dismiss. (Doc. no. 37, pp. 65, 68.) For the reasons set forth below, the Court **GRANTS** the motion to stay. (Doc. no. 30.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with

discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Plaintiff requested and received an extension of time to respond to the motion to dismiss, and Plaintiff has responded with a nearly 300-page filing. He does not contend that he cannot properly oppose the motion to dismiss in the absence of discovery. Indeed, Plaintiff has provided detailed argument and exhibits regarding exhaustion. (See, e.g., doc. no. 37, pp. 53-67 & Ex. 46.) Plaintiff's opposition to the motion to stay is based on his desire to conduct merits discovery, including some discovery unrelated to the only claim remaining in this case concerning use of force on August 8, 2017. (Id. at 65, 68.) Based on a preliminary peek at the defense motion to dismiss, the Court finds an immediate and clear possibility of a ruling that would potentially dispose of the entire case.

When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Thus, the Court **GRANTS** Defendants' motion to stay, (doc. no. 30), and **STAYS** all discovery in this action pending final resolution of Defendants' motion to dismiss.

3

## II. Miscellaneous Information and Requests Contained Within Response to Motion to Dismiss and Motion to Stay

Within his response to Defendants' motion to dismiss and motion to stay discovery, Plaintiff has provided the Court with all manner of information unrelated to this civil rights complaint pending against Defendants Knight and Stroud. Plaintiff has provided detailed information and exhibits concerning his underlying conviction, alleged problems with his sentence, and prior federal habeas corpus proceedings in the Middle District of Georgia. (See, e.g., doc. no. 37, pp. 3-50, Exs. 1-34.) Plaintiff also describes his citizenship and status as a Special Attorney General of The Nation of New Zion. (See, e.g., id. at 51-53, Exs. 43-45.) In the closing of his affidavit, Plaintiff requests not only that Defendants' motions to dismiss and stay discovery be denied, but also that this Court make rulings about the validity of his underlying criminal conviction, as well as "revisit" and "amend" his previously denied motion for injunctive relief, (see doc. nos. 22, 23, 25, 27).

This civil rights case about the actions of two individuals at ASMP on August 8, 2017, is not an open forum for Plaintiff to air every grievance he has against prison officials as they occur, or to seek habeas corpus relief for his underlying conviction. Nor may Plaintiff "amend" or "revisit" a motion for injunctive relief that has already been disposed of by simply announcing he is incorporating by reference information contained in a nearly 300-page response to Defendants' unrelated motions to dismiss and stay discovery.

To the extent Plaintiff wants the Court to take a specific action concerning the one claim remaining in this case, he must file a properly captioned motion, clearly delineate the reasons and legal authority in support of his motion, and serve that motion on defense counsel. Moreover, under the Local Rules, *absent prior permission of the Court*, no brief

4

shall exceed twenty-six pages in length. Loc. R. 7.1(a) (emphasis added).  Plaintiff received an extension of time to respond to Defendants' motions to dismiss and stay discovery, but he instead used the additional time to flood the Court with nearly 300 pages of information, the majority of which has nothing to do with Defendants' pending motions.  The Court cautions Plaintiff, "[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court."  Any future disregard of the rules applicable to all litigants appearing in this Court concerning proper filing procedures may result in the imposition of sanctions and/or summary denial of any requests for action.  See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (holding that failure to comply with the Local Rules may result in summary denial of a motion).

### III. Conclusion

For the reasons set forth above, the Court **GRANTS** the motion to stay discovery. (Doc. no. 30.)  The Court also **GRANTS IN PART** Plaintiff's "Motion for Leave of Court to File an Expanded Document," only to the extent the filing can be liberally construed as a request to file briefing in excess of the twenty-six pages allowed by Local Rule 7.1.  (Doc. no. 37.)  The Court will rule on the motion to dismiss in its normal course of business.

SO ORDERED this 11th day of May, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.